Daniel Shay (SBN 250548)
Dan@ShayLegal.com
Harrison Lynch (355139)
Harrison@ShayLegal.com
**SHAY LEGAL, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 619-222-7429

Joshua Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA  92108
P: 866-219-3343

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA WADE, individually and for all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HANOVER COMPANY,<br><br>Defendant. | Case No:<br><br>CLASS ACTION<br><br>**COMPLAINT**<br><br>1. Breach of Contract<br>2. Tenant Protection Act of 2019, Cal. Civ. Code § 1947.12<br>3. Unfair and Deceptive Business Practices, Cal. Bus. & Prof. Code § 17200 et seq<br>4. Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq<br>5. Statutory Larceny, Cal. Pen. Code §§ 484 & 496<br>6. Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962 & 1964(c)<br><br>JURY TRIAL DEMANDED |

CLASS ACTION COMPLAINT

Plaintiff Emma Wade ("Plaintiff") brings this class action on behalf of herself, and the Class defined below, against defendant The Hanover Company ("Defendant") for violating tenant protection laws. Plaintiff makes these allegations based on personal knowledge and investigation conducted by her attorneys.

## JURISDICTION AND VENUE

1. The Court has federal question jurisdiction under 28 U.S.C. § 1331, because Plaintiff's RICO claims arise out of violation of federal law 18 U.S.C. § 1961.

2. This Court has supplemental jurisdiction for Plaintiff's state law claims under 28 U.S.C. § 1367(a).

3. Alternatively, jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because Plaintiff and all Class Members are citizens of California, while Defendant is incorporated in Delaware with its principal place of business in Texas, and the amount in controversy exceeds $5,000,000.

4. There are well over one hundred (100) members of the proposed class and there are most likely thousands of Class Members. Plaintiff and the Class Members are requesting damages related to rent increases, which when aggregated across thousands of Californians will exceed the $5,000,000 threshold for CAFA jurisdiction.

5. Plaintiff is a citizen of California and seeks relief on behalf of a class of California tenants. Defendant is a Delaware corporation with a principal place of business in Texas. This results in at least one Class Member being a citizen of a different state than defendant. Thus, minimal jurisdiction is established.

6. Both the diversity requirement and the damages requirement under CAFA are met, and this Court has jurisdiction.

7. Because Defendant has locations in California and directly conducts business in California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because (1) Plaintiff resides in Los Angeles, within this judicial district, (2) the conduct complained of herein occurred in Los Angeles and (3) Defendant conducts business in this judicial district.

CLASS ACTION COMPLAINT

## PARTIES

**A. Plaintiff**

9.     Plaintiff is an individual over the age of eighteen (18) years, and at all times relevant herein was and is, a resident of the County of Los Angeles in the State of California.

10.     Plaintiff is a tenant at an apartment complex in Los Angeles, California, which is owned and/or managed by Defendant (the apartment complex shall be referred to herein as the "Hanover Apartments").

**B. Defendant**

11.     Defendant is incorporated in Delaware and headquartered in Texas.  It is a multifamily property management company that operates numerous apartment communities throughout California, and many across the United States.  According to Defendant's website, it operates at least thirty-six (36) apartment communities across the state of California.[1]

12.     Defendant is or was Plaintiff's and Class Members' landlord at all times relevant.

## GENERAL FACTS

13.     Defendant provides housing to residents of California. Plaintiff was thrilled when she first moved into the apartment that Defendant leased to her.  She understands that Defendant is a business and needs to be profitable.  But at the same time, it must follow the law while pursuing those profits.

14.     Plaintiff and the state of California are familiar with inflation and the need for landlords to raise rent from time to time.  That is why California has laws establishing how and when rent can be raised, including proper notice requirements and caps.

///

///

---

[1] *See* Defendant's website https://www.hanoverco.com/portfolio/?property_state=CA (last accessed May 7, 2026)

CLASS ACTION COMPLAINT

15.     The issue in this case is that Defendant raises rent for its tenants without providing any notice.  Tenants, like Plaintiff, are routinely surprised to learn that their rent suddenly increased from one month to the next.  They usually discover the increase online when they go to pay their rent. But, in the case of Plaintiff, sometimes these rent increases go unnoticed for a while.

16.     Under California law, when a fixed-term lease expires, and a new fixed term lease is not executed prior to expiration, the tenancy automatically continues month-to-month.  The problem is that when this happens, Defendant adds a fee for the month-to-month tenancy (the "month-to-month fee").  These fees are significant. When a tenant contests this new month-to-month fee, Defendant informs the tenant that they need to sign a new fixed-term lease in exchange for removing the fee.

17.     Further, Defendant charges other unlawful fees, such as non-descript charges titled "Resident Service Charge."  The Resident Service Charge ("RSC") is a recurring monthly charge of $35. There is no explanation of this RSC fee in Defendant's standard lease.

18.     Not only were these actions taken in bad faith, but they were made with the intention to defraud unsuspecting tenants, like Plaintiff, and increase overall profitability of each rental unit.

19.     As a result of Defendant's conduct, Plaintiff and Class Members have been harmed and damaged in several ways.

20.     Defendant should not be allowed to steal, defraud, and threaten unsuspecting and vulnerable tenants with illegal bullying tactics Defendant knows it should not be using.

21.     Plaintiff, on behalf of herself and all others similarly situated, alleges claims for (1) breach of contract; (2) violations of the Tenant Protection Act of 2019, Cal. Civ. Code § 1947.12; (3) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq; (4) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq; (5) Statutory Larceny, Cal. Pen. Code

CLASS ACTION COMPLAINT

§§ 484 & 496; and (6) violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1962 & 1964(c).  Plaintiff and the Class Members seek damages from Defendant, and to compel Defendant to follow California law regarding rent increases and fees for residential tenancies.

## FACTS SPECIFIC TO PLAINTIFF

### A. Background

22.    At all times relevant, Defendant managed and/or owned the Hanover Apartments.  Defendant concealed its ownership by listing different entities as the owners under fixed-term leases with Plaintiff.

23.    On or around August 31, 2023, Plaintiff moved into the Hanover Apartments, pursuant to a written lease agreement and began paying $4,354 per month in rent.

24.    Plaintiff's original written lease agreement listed "CA Sunset at El Centro Holdings LLC" as the owner.  This written lease agreement specified that, among other terms, the lease expired on August 30, 2024, the lease would automatically renew month-to-month at the expiration of the term,[2] and Plaintiff would pay the flat rate RSC of $35 per month.

25.    Defendant began charging the $35 RSC on September 1, 2023, and has continued to charge the RSC every month since.

26.    On September 1, 2024, after Plaintiff's lease expired, Defendant lowered Plaintiff's base rent to $4,104 per month but began charging the "month-to-month fee" of $1,231.20.

27.    In 2026, Plaintiff began to wonder about the month-to-month fee. Plaintiff had paid over $22,000 to Defendant under the guise of the fee.  Plaintiff asked Defendant about it and Defendant responded that Plaintiff would need to execute a new fixed-term lease agreement for it to stop assessing the fee.

///

---

[2] There was no indication that rent would change as a result of converting to a month-to-month agreement.

CLASS ACTION COMPLAINT

28.    Plaintiff and Defendant executed a new lease, dated March 5, 2026, but this time the lease listed "PO Sunset LLC" as the owner.  This written lease agreement increased Plaintiff's rent back to $4,354 per month but did not provide any more clarity as to the RSC.  Defendant did not refund the roughly $22,000 either.

29.    After investigating several of Defendant's California properties, it appears that the RSC is a flat-rate utility service fee.[3]

**B. Defendant's Acts of Theft and Fraud**

30.    Unfortunately for its tenants, Defendant uniformly, systematically, and in bad faith raises rent without notice and in amounts that exceed statewide rent caps, in violation of California law. Defendant further assesses unlawful, unsubstantiated, and unclear fees against its tenants.

31.    Defendant has a centralized rent and fee policy for all its California properties.  It develops, promulgates, and administers rent increase policies and practices uniformly across its California controlled and/or managed properties, in addition to charging unlawful fees.

32.    Defendant's policies and procedures amount to illegal activity, resulting in repeated acts of larceny.

33.    Statutory Larceny.  To commit statutory larceny in California, one must: (i) take the personal property, (ii) of another, (iii) without consent, and (iv) with the intent to permanently deprive the owner of that property.[4]

34.    Liability is imposed upon all the actors who commit those acts outlined above, and those who knowingly aid and abet such actors, or those who knowingly receive such stolen property.[5]

---

[3] *See, e.g.,* Defendant's fee schedules for certain properties (https://www.canva.com/design/DAGea2hhzdI/kMl3fRnAU1pzyXUUqIQlxg/view?utm_content=DAGea2hhzdI&utm_campaign=designshare&utm_medium=link2&utm_source=uniquelinks&utlId=hba3085663b ($35); https://www.canva.com/design/DAGIH5rmYos/SE-4mMXYpzITcuefVl2fsg/view?utm_content=DAGIH5rmYos&utm_campaign=designshare&utm_medium=link2&utm_source=uniquelinks&utlId=h5b1a551f62 ($35); https://www.canva.com/design/DAFmc3BMTvY/yf-3rk0hFtFqQKUB87cEPw/view?utm_content=DAFmc3BMTvY&utm_campaign=designshare&utm_medium=link2&utm_source=uniquelinks&utlId=hc0ed6a378b ($65).)(last accessed May 7, 2026)

[4] Cal. Pen. Code § 484

[5] Cal. Pen. Code § 496

6

CLASS ACTION COMPLAINT

35. Defendant has developed common policies, practices, procedures, or schemes designed to steal money from current and former tenants, without consent, to benefit itself, with the intention of permanently depriving the money from the current and former tenants.

36. Such money is stolen pursuant to false and fraudulent misrepresentations as outlined above, which are made knowingly and by design, pursuant to common policies, practices, procedures, or schemes. Defendant uses such fraudulent misrepresentations to increase rent and intentionally deceive tenants into signing new leases ratifying rent increases. Defendant is not ignorant of its illegal conduct. Defendant knows that it is stealing money from its tenants, or otherwise knowingly aids and abets the theft of such property.

37. Federal Wire Fraud. To commit wire fraud, one must (i) have a scheme to defraud someone out of money or property, (ii) by making a material misrepresentation or omission, (iii) with the intent to defraud, and (iv) effectuate such scheme by wire transmission.[6] Defendant is operating pursuant to a scheme to defraud current and former tenants out of money or property in that they charge tenants exorbitant and unsubstantiated month-to-month fees and RSC fees, without a lawful basis to do so.

38. Defendant, in conjunction with its officers and directors represents a purported lawful basis for the month-to-month fees to its tenants, while threatening them with continued fees unless they enter a new fixed-term lease with Defendant. Such representations to its tenants are material, false, and done with the intention to defraud.

39. Defendant sent electronic messages, through its resident portal and through emails, which are each wire transmissions, to Plaintiff and Class Members. Each message (i) was sent as part of a scheme to defraud someone out of money or property, (ii) contained at least one material misrepresentation or omission, (iii) was

---

[6] 18 U.S.C. § 1343

CLASS ACTION COMPLAINT

sent with the intent to defraud, and (iv) was sent by wire transmission.

40.    Every time a fixed-term lease expired without executing a new lease, Defendant illegally charged Plaintiff and Class Members month-to-month fees or costs in violation of California law.  Each such act, coupled with the emails and messages, constitutes wire fraud in violation of the 18 U.S.C. § 1343. Defendant, in conjunction with its officers, directors, and managing agents, knowingly acted in furtherance of a scheme they devised to defraud tenants of money or property through the unlawful rent increases and fees.

41.    All such acts outlined in the preceding five (5) paragraphs were related and continuous.

**C. Plaintiff and Class Members Suffered Damages**

42.    Defendant's policies, practices, procedures, and schemes have caused Plaintiff and Class Members to be damaged.  Plaintiff and Class Members have suffered monetary damages in the form of unlawful rent increases and fees they paid monthly for many months or years.

## CLASS ACTION ALLEGATIONS

43.    Plaintiff brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons who were tenants of residential properties in California owned and/or managed by Defendant, within four (4) years prior to the filing of the Complaint through the date of class certification, and from whom Defendant raised any monthly rent or charged an RSC.  (the "Class")

44.    Excluded from the Class are Defendant, its officers and directors, families and legal representatives, heirs, successors, or assigns and any entity in which either Defendant has a controlling interest, and any Judge assigned to this case and their immediate family members.

///

///

CLASS ACTION COMPLAINT

45. Plaintiff reserves the right to amend or modify the definition of the Class to provide greater specificity and/or further division into subclasses or limitation to particular issues.

46. **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable. The exact number or identification of class members is presently unknown, but it is believed that there are hundreds if not thousands of class members in the Class. The identities of the Class Members are ascertainable and can be determined from records maintained by Defendant.

47. **Predominance of Common Questions:** There are multiple questions of law and fact common to the Class that will predominate over questions affecting only individual class members. Those questions include, but are not limited to:

a) Whether Defendant raised Plaintiff's and the Class Members' monthly rent;

b) Whether Defendant gave prior written notice of such rent increases;

c) Whether such notices, if given, were provided at least thirty (30) days in advance of the rent being increased;

d) Whether such rent increases violate rent cap laws;

e) Whether such rent increases are unlawful;

f) Whether such rent increases are considered debts;

g) Whether Defendant engaged in unfair or deceptive business practices;

h) Whether Defendant engaged in larceny;

i) Whether Defendant caused Plaintiff and Class Members damages;

j) Whether Plaintiff and Class Members are entitled to actual damages, statutory damages, other monetary relief, or equitable relief;

k) Whether Defendant violated the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, et seq);

///

///

CLASS ACTION COMPLAINT

l) Whether Defendant engaged in racketeering activity;

m) Whether Defendant committed wire fraud;

n) Whether Defendant was an enterprise.

48.    **Typicality:** Plaintiff's claims are typical of those of other Class Members because they all had their rent increased, and/or were charged unlawful fees, due to Defendant's same conduct.

49.    **Adequacy:** Plaintiff is an adequate representative of the Class because Plaintiff is a member of the Class with interests that do not conflict with the interests of the other members of the Class. Plaintiff is represented by experienced and competent attorneys ("Class Counsel") who have litigated numerous class actions. Class Counsel intends to prosecute this action vigorously for the benefit of everyone in the Class. Plaintiff and Class Counsel can fairly and adequately protect the interests of all members of the Class.

50.    **Superiority**: A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because individual litigation of Class Members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class Members would have no reasonable remedy and would continue to suffer losses. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. There is no foreseeable difficulty in managing this action as a class action and it provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### First Cause of Action

### Breach of Written Contract

51.    Defendant is a party to written leases with Plaintiff and each Class Member. Each written lease is substantially the same, and each lease governs the hiring of a residential property for a fixed term.

///

CLASS ACTION COMPLAINT

52. When a fixed-term lease expires, and the landlord continues to collect or accept rent, the parties have legally renewed their lease as a periodic month-to-month tenancy, with all other terms, including rent amount, carrying over into the renewal, under Cal. Civ. Code § 1945.

53. Plaintiff and Class Members remained in their units after the expiration of their fixed-term leases and continued paying rent to Defendant. Plaintiff and Class Members thus had periodic tenancies pursuant to written leases.

54. California Civil Code § 827 governs contract modification for residential tenancies and applies to periodic tenancies—e.g., tenancies with a term of month-to-month or shorter—and does not apply to longer fixed-term leases.

55. Under Cal. Civ. Code § 827, a landlord is required to give a tenant written notice of a rent increase at least thirty (30) days prior to the date that the rent increase is to take effect for the rent increase to be effective.

56. Here, Defendant did not give written notice of at least thirty (30) days prior to raising Plaintiff's and Class Members' rent. Therefore, no contractual modification raising rent took effect. Thus, Defendant was only entitled to demand and collect the rent allowed by the written lease prior to any purported modification.

57. Defendant breached the written agreements by illegally demanding payments and accepting payments in excess of the amounts it was contractually able to collect. Defendant was prohibited from demanding and accepting such unlawful payment under the contract because Defendant could only demand what it was legally owed.

58. Plaintiff and Class Members were harmed because they paid more than they were obligated to pay under the written lease.

59. Defendant's breach of contract was a substantial factor in causing Plaintiff's and Class Members' harm.

///

///

60.     Plaintiff and Class Members are entitled to damages resulting from Defendant's breach of contract, in addition to reasonable attorney's fees and costs, pursuant to the terms of their leases.

### Second Cause of Action

### Tenant Protection Act of 2019

### Cal. Civ. Code § 1947.12

61.     The rent increase cap of the Tenant Protection Act ("TPA") of 2019 (Cal. Civ. Code § 1947.12) applies to residential tenancies, subject to certain exceptions.

62.     The exceptions to the TPA do not apply to Plaintiff's or Class Members' tenancies, so the rent cap increase provisions of TPA apply.

63.     <u>Rent Cap.</u>  Under Cal. Civ. Code § 1947.12(a), a rent increase is capped at two (2)  increases per year and shall not, over the course of a 12-month period, increase the gross rental rate for a dwelling or a unit more than the lower of ten (10) percent or five (5) percent plus the percentage change in the cost of living from the base rent.

64.     Defendant's increases to rent exceeded the statutory amount allowed under Cal. Civ. Code § 1947.12(a).

65.     <u>Notice</u>. California Civil Code § 1947.12(e) requires that notice of rent increases be served according to Cal. Civ. Code § 827.

66.     Under Cal. Civ. Code § 827, a landlord is required to give a tenant written notice of a rent increase at least thirty (30) days prior to the date that the rent increase is to take effect and the notice must be in the manner prescribed by Cal. Civ. Proc. Code § 1162.  The notice must be (1) personally served or (2) left with someone of suitable age and mailed or (3) affixed in a conspicuous place on the property and mailed.

67.     Defendant did none of these and thus did not give Plaintiff or Class Members proper notice.

///

CLASS ACTION COMPLAINT

68.    Coercion. Defendant, after accepting rent after the expiration of the fixed-term leases, attempted to have Plaintiff and Class Members enter new fixed-term leases, which raised the rent without proper notice.

69.    By failing to give adequate notice of the rent increases and/or by increasing the rent beyond the maximum amount permitted under Cal. Civ. Code § 1947.12(a), the amount of increased rent is invalid and illegal under Cal. Civ. Code § 827.

70.    Defendant, despite the increased rent being invalid, nonetheless demanded and accepted the invalid rent amounts.

71.    As a direct and proximate cause of Defendant's conduct, Plaintiff and Class Members suffered damages.

72.    Pursuant to Cal. Civ. Code § 1947.12(k)(1), Plaintiff and Class Members seek injunctive relief, actual damages, reasonable attorney's fees and costs, and treble damages.

### Third Cause of Action

**Unfair and Deceptive Business Practices**

**Cal. Bus. & Prof. Code § 17200 et seq.**

73.    Under California's Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code §17200, "any unlawful, unfair or fraudulent business act or practice" constitutes "unfair competition."

74.    The violations alleged herein constitute unlawful, unfair and/or fraudulent business acts and practices, and therefore "unfair competition" for the purposes of § 17200 of the California Business and Professions Code. Defendant's increase of rent without prior written notice and collections of rent are unlawful, which entitles Plaintiff and Class Members to restitution.

75.    Plaintiff and Class Members have suffered financial injuries in fact and have lost money and/or property as a result of such unfair competition.

///

CLASS ACTION COMPLAINT

76.     The facts set forth above establish that Plaintiff and Class Members are entitled to judgment against Defendant, awarding restitution to Plaintiff and Class Members of all monies acquired by means of the described unfair competition, including all wrongfully charged fees.

77.     Plaintiff and Class Members are further entitled to declaratory and injunctive relief establishing the rights and obligations among the parties and for an order mandating Defendant to adhere to the requirements of law.

## Fourth Cause of Action

### Rosenthal Fair Debt Collection Practices Act

### Cal. Civ. Code § 1788 et seq.

78.     In enacting the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788-1788.33, the California Legislature found that "[u]nfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers [that] [t]here is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other" and that it was necessary to ". . . prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1.

79.     Defendant is a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c) of the RFDCPA because in the ordinary course of business it regularly collects rental payments, fees, and move out costs, each of which is a "debt" as defined by Cal. Civ. Code § 1788.2(d).

80.     Defendant violated the RFDCPA by (1) initiating contact with Plaintiff and Class Members to collect fees and charges Defendant knew or should have known had been procured through fraud, and that, even if valid, they would be subject to a vast array of potential defenses and (2) by accepting and retaining payments made on

CLASS ACTION COMPLAINT

these invalid fees and charges.  These acts violate 15 U.S.C. § 1692e and 15 U.S.C. § 1692f,  which violate Cal. Civ Code § 1788.17.

81.    California courts have routinely held that the RFDCPA prohibits unfair and deceptive conduct. *Cavalry SPV I, LLC v. Watkins*, 36 Cal. App. 5th 1070, 1084 (2019).

82.    As a result of each and every violation of the RFDCPA, Plaintiff and each Class Member are entitled to actual damages pursuant to Cal. Civ. Code § 1788.30(a), statutory damages in the amount up to $1,000 pursuant to Cal. Civ. Code § 1788.30(b), and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

**Fifth Cause of Action**

**Statutory Larceny**

**Cal. Pen. Code §§ 484 & 496**

83.California Penal Code § 496 imposes liability upon:

> [e]very person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained[.]

84.    Cal. Pen. Code § 484, which defines "theft", states in pertinent part:

> Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft.

85.    Under California law, Plaintiff's and Class Members' money constitutes "property" that can be the subject of theft.

CLASS ACTION COMPLAINT

86.     Defendant acted in a manner constituting theft by defrauding Plaintiff and Class Members of their money by making false or fraudulent representations or pretenses, with the specific intent to deprive Plaintiff and Class Members of their property.

87.     Plaintiff and Class Members are entitled to treble damages, as well as attorneys' fees and costs as a result of Defendant's violations of Cal. Pen. Code § 496(a) under Cal. Pen. Code § 496(c).

**Sixth Cause of Action**

**Racketeer Influenced and Corrupt Organizations Act**

**18 U.S.C. §§ 1962(c) & 1964(c)**

88.     Under 18 U.S.C. § 1964(c), any person injured in their business or property by reason of a violation of 18 U.S.C. § 1962 may bring a civil action to recover threefold damages, costs, and reasonable attorneys' fees.

89.     18 U.S.C. § 1962(c) makes it unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

90.     At all relevant times, Defendant, together with its officers, directors, managing agents, and the ownership entities of the residential properties it owns and/or manages — including but not limited to CA Sunset at El Centro Holdings LLC and PO Sunset LLC — formed and participated in an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4). This enterprise was organized and operated for the purpose of assessing unlawful charges and fees against tenants across Defendant's California properties to maximize profits, while systematically concealing from those tenants that such charges were unlawful and that tenants had no legal obligation to pay them.

91.     The association-in-fact constitutes an "enterprise" within the meaning of 18 U.S.C. § 1961(4), in that it is an ongoing association of legal entities sharing a

16

CLASS ACTION COMPLAINT

common fraudulent purpose, an organizational structure, and functioning as a continuing unit engaged in, and whose activities affect, interstate commerce.

92.    Defendant conducted and participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity, specifically wire fraud in violation of 18 U.S.C. § 1343. The scheme to defraud was carried out through the following means:

a.  Assessing and collecting unlawful month-to-month fees from tenants whose fixed-term leases had expired and who had transitioned to periodic tenancies by operation of law under Cal. Civ. Code § 1945, while affirmatively concealing from those tenants that such fees had no lawful basis and that tenants had no obligation to pay them;

b.  Assessing and collecting recurring RSC fees of $35 per month without any explanation, contractual basis, or legal authority, while concealing the true nature of the charge from tenants;

c.  Making material misrepresentations to tenants regarding the purported legal basis for the month-to-month fees, while threatening continued assessment of those fees unless tenants executed new fixed-term leases, thereby coercing tenants into signing new leases that ratified unlawful rent increases; and

d.  Raising rent without providing the prior written notice required by Cal. Civ. Code § 827 and in amounts exceeding the caps imposed by Cal. Civ. Code § 1947.12(a), while concealing from tenants that such increases were legally invalid.

93.    In furtherance of the scheme, Defendant utilized the interstate wire system by transmitting thousands of emails, electronic notices, payment demands, and ACH transactions to and from Plaintiff and Class Members through Defendant's resident portal and other electronic channels. Each such transmission was made in furtherance

CLASS ACTION COMPLAINT

of the fraudulent scheme and constitutes a predicate act of wire fraud under 18 U.S.C. § 1343.

94. Specifically, as to Plaintiff: Defendant transmitted electronic communications through its resident portal and by email demanding payment of the $1,231.20 monthly month-to-month fee beginning September 1, 2024, continuing through at least March 2026 — a period of approximately eighteen months — resulting in Plaintiff paying over $22,000 in fees she had no legal obligation to pay. Each such transmission was a discrete predicate act of wire fraud.

95. Every payment processed through Defendant's online rent payment portal constitutes a discrete transaction in which Defendant furthered its scheme to defraud Plaintiff and Class Members of money or property.

96. Defendant sent, and continues to send, electronic communications to current and former tenants demanding payment of unlawful charges, including payment plans designed to extract payment from tenants who were confused or unaware of their legal rights.

97. The pattern of racketeering activity engaged in by Defendant has been continuous, systematic, and ongoing, persisting from at least August 2023 through the present. The predicate acts are related in that they share the same participants, the same victims — Defendant's California tenants — the same methods of commission, and the same fraudulent purpose. The predicate acts are continuous in that they have been repeated on a monthly basis across hundreds of tenancies throughout California, constituting a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5).

98. Defendant, in its role as owner and/or property manager, collected all payments made by its defrauded tenants and controlled all communications sent to them. Through those communications, Defendant furthered the fraud by systematically concealing that the month-to-month fees and RSC were unlawful and that tenants had no legal obligation to pay them.

CLASS ACTION COMPLAINT

99. As a direct and proximate result of Defendant's pattern of racketeering activity, Plaintiff and Class Members have been injured in their property, having paid millions of dollars in unlawful charges and fees they were not legally obligated to pay.

100. Pursuant to 18 U.S.C. § 1964(c), Plaintiff and Class Members are entitled to recover threefold the damages sustained, together with the costs of this action and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. Certify the Class pursuant to Fed. R. Civ. P. 23(b)(2) and Fed. R. Civ. P. 23 (b)(3), appoint Plaintiff as representative of the Class and her attorneys as Class Counsel;

2. Return of all rent paid pursuant to unlawful rent increases;

3. Injunctive relief preventing Defendant from collecting rent unlawfully increased and preventing defendant from increasing rent without prior written notice, pursuant to Cal. Civ. Code § 1947.12(k)(1);

4. Actual damages, reasonable attorneys' fees and costs, and treble damages pursuant to Cal. Civ. Code § 1947.12(k)(1).

5. Actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to Cal. Civ. Code § 1788.30;

6. Injunctive and other equitable relief as is necessary to protect the interests of members of the Class under Cal. Civ. Code § 1788.30;

7. Treble damages, as well as attorneys' fees and costs, pursuant to Cal. Pen. Code § 496(c);

8. Restitution for all members of the Class under the UCL;

9. Actual damages for all Class Members, trebled under 18 U.S.C. § 1964(c), and reasonable attorney's fees and costs;

10. An award of compensatory damages in an amount to be determined;

///

19

CLASS ACTION COMPLAINT

11. An award for equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

12. Such other relief as the court deems fair and reasonable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  May 20, 2026                    **SHAY LEGAL, APC**

By: *s/ Harrison J. Lynch*
Harrison J. Lynch
Harrison@ShayLegal.com
Daniel G. Shay
Dan@ShayLegal.com
*Attorneys for Plaintiff*

DATED:  May 20, 2026                    **SWIGART LAW GROUP, APC**

By: *s/ Joshua B. Swigart*
Joshua B. Swigart
Josh@SwigartLawGroup.com
*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT